J-S21003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK STEVENS | : | |
| | : | |
| Appellant | : | No. 3098 EDA 2024 |

Appeal from the PCRA Order Entered November 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0403672-1997

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 30, 2025**

Derrick Stevens appeals from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A §§ 9541-46.  We affirm.

In a prior PCRA action, the PCRA court summarized the pertinent facts and relevant trial testimony as follows:

> On March 14, 1997 at approximately 3:00 p.m., [Stevens] and co-defendant Albert Thomas entered a small neighborhood drugstore wearing ski masks and holding guns.  [Stevens] pointed a gun at the cashier's face and announced that it was a stickup. The cashier put her hands up in the air and backed up in the direction of the victim, Christopher Brinkman, a stock boy at the store.  [Stevens] and his cohort then managed to open the cash register and get approximately $60.00.  When [Stevens] saw Brinkman looking at him, he pointed his gun at him and shot him in the chest.  The wound proved fatal. After [Stevens] and Thomas fled, the store's pharmacist, Dan Markert, ran over to the victim

_____

[*] Retired Senior Judge assigned to the Superior Court.

to try to administer medical aid, while Scott Henry, a technician, called 911.

Around the same time as the shooting, John Averill was walking his younger brother home from school when he saw two masked black males, one wearing a blue coat and carrying a gun, run from the drugstore down Moore Street towards 29th Street and then jump over a fence into the Tasker Homes Project. At about the same time, Margie Combs, while driving down Moore Street toward 29th Street, also saw two black males wearing masks, one carrying a gun and money, run out of the drugstore and hop over the fence over to the projects. [Stevens] and Thomas removed their masks near a dumpster in the projects, and Ms. Combs identified both [Stevens] and Thomas at trial.

After fleeing the scene, [Stevens] and Thomas arrived out of breath and excited at the home of Denise Jones. Ms. Jones' nephew let the men into the residence where they stashed their guns and changed clothes. Jones' daughter was directed to throw the clothing the men had taken off into a dumpster on Pierce Drive. Police later found the clothing at that location. When [Stevens] and Thomas then went to the home of Timothy Broaster, Thomas started arguing with [Stevens], asking [Stevens] why he shot Brinkman. [Stevens] responded that he fired because the victim "made a move." Broaster then went back with [Stevens] to Jones' residence where [Stevens] retrieved his .22 caliber handgun. Broaster agreed to hold the gun for [Stevens] for an hour, but tossed it into the river when [Stevens] failed to return.

[Stevens] took the stand at trial and testified that he was standing on Pierce Drive in the projects with two friends when Thomas and a man named Diaz came by and said that they had just committed the robbery. [Stevens] said that he then took Diaz's gun and went with Thomas to Denise Jones' residence where they hid the guns and changed clothes. [Stevens] further testified that he then went to Broaster's residence with Thomas where he persuaded Thomas to dispose of the gun.

PCRA Court Opinion, 9/24/07, at 2-3.

On March 17, 1997, Thomas surrendered to police and confessed to his involvement in the robbery, but not to the shooting of Brinkman. Two days later, Stevens was arrested in connection with the events of that day.

Following a jury trial, Stevens was found guilty of first-degree murder, robbery, and related offenses. On July 1, 1998, the trial court sentenced Stevens to a life in prison for his murder conviction and an aggregate consecutive term of ten to twenty years of imprisonment for his other convictions.[1] Stevens did not file a timely appeal. However, Stevens was granted reinstatement of his appellate rights via a PCRA petition. On October 3, 2003, this Court affirmed his judgment of sentence and, on June 29, 2004, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Stevens**, 839 A.2d 1163 (Pa. Super. 2003) (non-precedential decision), *appeal denied*, 853 A.2d 361 (Pa. 2004).

Stevens filed another *pro se* PCRA petition on November 10, 2004. The PCRA court appointed counsel, PCRA counsel filed an amended petition, and the Commonwealth filed a motion to dismiss. Thereafter, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss the petition without a hearing. Stevens did not file a response. By order entered April 19, 2007, the PCRA court denied Stevens' petition. Stevens appealed. On November 7,

---

[1] Albert Thomas was convicted of second-degree murder and related offenses and was sentenced to life in prison plus 26-52 months of imprisonment. **See Commonwealth v. Thomas**, No. 617 EDA 1999 (Pa. Super. 2000) (non-precedential decision).

- 3 -

2008, this Court affirmed the PCRA court's order denying post-conviction relief. **Commonwealth v. Stevens**, 964 A.2d 948 (Pa. Super. 2008) (non-precedential decision).

After almost a decade and a half, on April 22, 2022, Stevens filed the *pro se* PCRA petition at issue. In this petition, Stevens claimed that, although facially untimely, his serial petition satisfied the newly-discovered-fact exception to the PCRA's time bar, and that he was entitled to relief based on after discovered evidence. The PCRA court disagreed, and, on September 26, 2024, the Court issued a Rule 907 notice of its intent to dismiss the petition as untimely filed. Stevens filed a response. By order and opinion entered on November 4, 2024, the PCRA court dismissed Stevens' petition. This appeal followed. The PCRA court did not require Appellate Rule 1925 compliance.

Stevens raises the following issue on appeal:

I.     Did the [PCRA court] err when it failed to grant [Stevens] an evidentiary hearing on his PCRA petition and all where [Stevens] had properly pled and would have been able to prove his claim as the basis of relief on his petition.

Stevens' Brief at 3 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first consider whether  the PCRA correctly concluded that Stevens' 2022 PCRA petition was untimely filed.  The timeliness of a post-conviction petition is jurisdictional.  *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless the petitioner alleges and proves that an exception to the time for filing the petition is met.  The three narrow statutory exceptions to the one-year time bar are as follows:  "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."  *Commonwealth v. Brandon*, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Stevens' judgment of sentence became final on September 27, 2004, ninety-days after our Supreme Court denied his petition for allowance of appeal and the time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Stevens had until September 27, 2005, to file a timely petition. Because Stevens filed the petition at issue in 2022, it is patently untimely unless Stevens has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Stevens has failed to plead and prove any time-bar exception. In his 2022 petition, Stevens asserted that he could establish the newly-discovered-fact exception.[2] This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

_____

[2] Although he cites the requirements to establish the governmental interference exception in his brief, Stevens does not provide any argument for to support this claim other than bare assertions. **See** Stevens' Brief at 13-15. Thus, we need not consider it further. **See Commonwealth v. Tielsch**, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

In his 2022 petition, Stevens based his claim of newly-discovered facts on the following sworn affidavit:

My name is Valerie Jackson. I dated Timothy Broaster from 1991-2001. We have two daughter[s] and he lived with me from 1992-2001. During [Stevens'] trial in 1998, I was threatened by District Attorney Roger King to keep my mouth shut and not say [Stevens] or [Thomas] was not in my home during the [time] of the incident. I asked Timothy why did he say [they were] in my home? Timothy said he made the story up.

The District Attorney Roger King threatened that he would arrest me[,] take my children and evict me from my home. He

said, I allowed [Stevens] and [Thomas] in my home after they robbed and killed a little boy. Timothy did not [want] to testify and I was approached by police at my home and threatened again because Timothy did not show up for trial.

Timothy told me he was not going to testify because he made the story up, but was forced to testify after Roger King found him hiding out and threatened to charge him with a crime.

I didn't tell [anyone] else this because I was afraid, [and] scared I would be evicted and lose my children. I now live at . . . I am 51 years old and my phone number is . . . I will testify to this at any future Court appearance on behalf of [Stevens]. Today['s] date is December 8, 2021 and no one had threatened me to say any of this.

Ms. Jackson's affidavit was notarized on January 29, 2022. Stevens asserted that he received this affidavit on March 31, 2022, and promptly filed his petition. *Pro se* PCRA Petition, 4/22/22, at 2.

Here, the PCRA court found that the statement about what Timothy Broaster told Ms. Jackson was inadmissible hearsay, and that her statement that Stevens had not traveled to her home, if true, was known by Stevens on the day of the incident:

[Ms.] Jackson's purported allegation that Broaster stated to her that he "made the story up" of [Stevens] and [Thomas] coming to his home after the robbery and murder is inadmissible hearsay. Thus, [Stevens'] proffered affidavit "evidence" failed to substantiate the purported "fact" that Broaster is recanting his trial testimony. Consequently, [Stevens] does not satisfy a statutory exception to the PCRA's timeliness requirement.

Moreover, [Stevens'] proffered affidavit has failed to substantiate [Stevens'] second purported "fact" that [Stevens] did not go to Broaster's home after the [victim] was killed, was not a previously unknown fact to him. To the contrary, on March 14, 1997, [Stevens] who had just robbed the pharmacy and shot and killed the [victim], clearly would have known whether he had not traveled to the [Broaster/Jackson] home after committed the

- 8 -

crimes as early as that date. Therefore, [Stevens] failed to establish that the alleged fact that he did not go to [the Broaster/Jackson] home after the [victim] was killed was unknown to him prior to the filing the instant petition in 2022 and therefore was not a previously unknown fact for purposes of subsection 9545(b)(1)(ii)[.]

PCRA Court Opinion, 11/4/24, at 3-5 (unnumbered) (excess capitalization and footnotes omitted).[3]

Our review of the record supports the PCRA court's conclusion that Stevens failed to establish a time-bar exception to the PCRA.

Hearsay is a statement "that the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in that statement." Evidence Rule 801. A claim "which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement." *See Commonwealth v. Yarris*, 731 A.2d 581, 592 (Pa. 1999). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (explaining that a claim based on inadmissible hearsay does not implicate the newly-discovered-fact exception to the PCRA's time bar).

_____

[3] The PCRA court cited Stevens' 2022 PCRA petition and its accompanying exhibit for the "first purported 'fact' that Commonwealth witness Timothy Broaster recanted his inculpatory trial testimony." PCRA Court Opinion, 11/4/24, at 3 (unnumbered). We do not find this claim of recanting anywhere in Stevens' petition or exhibit. Rather, Ms. Jackson stated in her affidavit that Broaster told her he was forced to testify and "made the story up." Nonetheless, we agree with the PCRA court's conclusion that Stevens has not established the time-bar exception. *See infra*.

Moreover, as early as the day of the robbery and murder, Stevens would have known whether he went to the Broaster/Jackson home that day. In fact, Stevens himself testified at his 1998 trial that he **did** go to the Boaster/Jackson home. **See** PCRA Court Opinion, 9/24/07, **supra**. Because he contradicted the contents of Ms. Jackson's affidavit at trial, Stevens cannot proffer this information as a newly-discovered fact.

In sum, Stevens' 2022 PCRA petition was untimely filed, and he failed to establish a time-bar exception. Thus, both the PCRA court and this Court lacked jurisdiction to consider its merits. **Derrickson**, **supra**. We therefore affirm the PCRA court's order dismissing Stevens' serial PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2025

- 10 -